DANIEL E. BECNEL, JR. ET AL.                    MISC. ACTION

VERSUS                                          NO. 17-17965

CAMILO K. SALAS, III ET AL.                     SECTION "E" (2)

## ORDER AND REASONS ON MOTION

This is a discovery dispute between Louisiana lawyers in a case involving a real estate development in Alys Beach, Florida. Plaintiffs (hereinafter collectively "Becnel") issued subpoenas duces tecum under the authority of the United States District Court for the Northern District of Florida, Pensacola Division (hereinafter "the Florida court"), to defendants' attorney Camilo K. Salas, III, and his law firm, Salas & Co. LC (hereinafter collectively "Salas"). Compliance with the subpoenas' demands for document production and deposition testimony was to occur in the Eastern District of Louisiana, where all parties reside. Neither the document production nor the deposition occurred. The subpoenas and this motion to compel nonparty document production and a deposition appearance, E.D. La. Record Doc. No. 3, seek discovery in connection with underlying litigation in the Florida court entitled "EBSCO Gulf Coast Development, Inc. v. Camilo K. Salas, III, as Trustee etc. et al.," Case No. 3:15cv586/MCR/EMT (hereinafter "the Florida lawsuit").

As an initial matter, I note that both the motion itself and the discovery it seeks to compel appear to be untimely under the Florida court's scheduling and case management orders. A discovery deadline of December 30, 2017, is currently in place. N.D. Fla. Record

Doc. No. 110. This discovery deadline has been extended from earlier deadlines previously set. Becnel recently filed a motion to extend the discovery deadline yet again, N.D. Fla. Record Doc. No. 140, but it is opposed by Salas, N.D. Fla. Record Doc. No. 142, and no ruling on the motion has been issued as of this writing. In addition, counsel advised at oral argument that dispositive motions have already been filed and are pending and that a motion to extend the deadline to file other dispositive motions has just been filed. N.D. Fla. Record Doc. No.153.

To complicate matters, it appears that the motion to compel filed in this court may not have been timely in compliance with the Florida court's case management orders, which required that "no motions to compel discovery may be filed after the close of discovery." N.D. Fla. Record Doc. No. 37 at p. 8. The motion to compel was submitted to the clerk of this court on December 29, 2017, the day before the deadline date set by the presiding Florida district judge. E.D. La. Record Doc. No. 1. However, the clerk of this court rejected it as "filed in error" because the required filing fee was not paid and the motion was not accompanied by a notice of submission as required by this court's Local Rule 7.2. Becnel paid the filing fee six (6) days later on January 4, 2018, and then refiled the motion to compel with the required notice another four days later on January 8, 2018, E.D. La. Record Doc. No. 3, nine (9) days after the Florida court's deadline. Whether this kind of motion was timely filed under these odd circumstances in compliance with the Florida court's case management orders is a matter appropriately determined by the Florida court.

These timeliness questions alone justify denying the motion. They have made the temptation great to transfer this motion to the Florida court pursuant to Fed. R. Civ. P. 45(f), because the interests of the Florida court in the maintenance and enforcement of its own extensive case management orders and authority appear to outweigh the interests of the parties in local resolution of this motion. See Judicial Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014)) (citing Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP, 309 F.R.D. 41, 44 (D.D.C. 2015) (finding exceptional circumstances where transfer would avoid interference with a "time-sensitive discovery schedule" set in underlying action); In re Caesars Entm't Operating Co., 558 B.R. 156, 159 (W.D. Pa. 2016) (court transferred motion to compel in the interest of efficiency, uniformity and orderliness of the discovery process and deadlines already established by the issuing court). However, I also find that the motion should be denied because the discovery that is the subject of the motion is prohibited under the applicable Rules.

Like the oral deposition that is part of the subject discovery, subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see also Williamson v. Horizon Lines LLC, 248 F.R.D. 79, 83 (D. Me. 2008) ("'parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before

discovery'") (quoting 9A C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinmann, Federal Practice and Procedure § 2452 (3d ed. 2018) (available on Westlaw) (hereinafter "Wright & Miller")); Nicholas v. Wyndham Int'l, Inc., No. 2001/147-M/R, 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery and is thus governed by the temporal restraints of the previous case Scheduling Orders"); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45 subpoena does in fact constitute discovery"); accord Martin v. Oakland County, No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Fabery v. Mid-S. Ob-GYN, No. 06-2136, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000).

Limitations on discovery include those set out in Fed. R. Civ. P. 26(b)(2)(C) and 30(a). Fed. R. Civ. P. 26(b)(2)(C) states in pertinent part that the court must limit the frequency or extent of discovery otherwise allowed by the Rules if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii). Fed. R. Civ. P. 30(a)(2)(A)(ii) requires that a party must obtain leave of court to take a deposition if the parties have not stipulated to the deposition and "the deponent has already been deposed in the case." Leave to redepose a witness must be granted only "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).

As to the oral deposition that is the subject of Becnel's motion, Salas has already been deposed once. Becnel's complaint about the deposition appears to be that Salas was deposed only in his capacity as trustee of his children's trust. In my view, Salas is Salas no matter what hat he is wearing. If Salas was so imprudent as to refuse to answer deposition questions based on the narrow view that he was testifying only in his capacity as trustee and not as himself, that should have been brought to the attention of the Florida court by motion to compel an answer to a deposition question. Without leave of the Florida court under Fed. R. Civ. P. 30(a)(2)(A)(ii), Salas should not be redeposed, especially when "ample opportunity" to depose him was already provided in the Florida lawsuit and doing so again would be "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii).

As to the subpoena duces tecum to Salas individually and to his law firm, Becnel's complaint again appears to be that responses to similar Rule 34 requests for production in the Florida lawsuit were that "Salas did not have this information, at least in his capacity as Trustee." E.D. La. Record Doc. No. 3-1 at p. 3. Salas's obligation in the Florida lawsuit is to produce all non-privileged responsive materials that are within his possession, custody or control. Fed. R. Civ. P 34(a)(1). "[A] party cannot be required to permit inspection of documents or things that it does not have . . . . A document or thing is not in the possession, custody, or control of a party if it does not exist. Production cannot be required of a document no longer in existence nor of one yet to be prepared." 8B Wright & Miller § 2210 and cases cited at nn. 16, 26 and 27, including Soetaert v. Kansas City Coca Cola Bottling Co., 16 F.R.D. 1, 2 (W.D. Mo. 1954) ("Rule 34 cannot be used to require the adverse party to prepare,

or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence.").

However, "'control' . . . [extends to materials which] the party to whom the request is made has the legal right to obtain . . . , even though in fact it has no copy." 8B Wright & Miller § 2210 (citing U.S. Int'l Trade Comm'n v. ASAT, Inc., 411 F.3d 245 (D.C. Cir. 2005); Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); Costa v. Kerzner Int'l Resorts, Inc., 277 F.R.D. 468 (S.D. Fla. 2011); Colon v. Blades, 268 F.R.D. 129 (D.P.R. 2010); In re NTL, Inc. Secs. Litig., 244 F.R.D. 179 (S.D.N.Y. 2007); Mt. Hawley Ins. Co. v. Felman Prod., Inc., 269 F.R.D. 609 (S.D. W. Va. 2010)) (emphasis added). "Control" includes the legal right to obtain the materials on demand, with "focus on practical ability to obtain them." Id. text at nn. 4-8, 12 and cases cited therein.

Fed. R. Civ. P. 34(a)(1) has been construed to include materials in possession, custody or control of the party's agent, such as an attorney.

> Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action. Moreover, [a] party must make a reasonable search of all sources reasonably likely to contain responsive documents. The term "all sources" includes plaintiff's attorney, expert, insurance company, accountant, spouse, agent, etc. Typically, what must be shown to establish control over documents in the possession of a non-party is that there is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession.

Duarte v. St. Paul Fire & Marine Ins. Co., No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015) (quotations omitted) (citing S. Filter Media, LLC v. Halter, No.

13-116-JJB-RLB, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014); Luv N' Care Ltd. v. Groupo Rimar, No. 14-2491, 2015 WL 3756308, at *2 (W.D. La. June 15, 2015); White v. State Farm Mut. Auto. Ins. Co., No. 09-000991-BAJ-DLD, 2011 WL 3423388, at *2 & n.3 (M.D. La. Aug. 4, 2011)).

Thus, "a party can be required to produce a document that it has turned over to its attorney." 8B Wright & Miller § 2210; see Hanson v. Gartland S. S. Co., 34 F.R.D. 493, 496 (N.D. Ohio 1964) ("[A]ctual possession of documents sought under Rule 34 is not necessary, if the party has control. . . . If the items were originally produced by the party or his agents, and then turned over to the attorney, they are considered under the party's control."); Biben v. Card, 119 F.R.D. 421, 425 (W.D. Mo. 1987) ("Documents need not be in a party's possession to be discoverable; they need only be in the party's custody or control. . . . Control includes the legal right of the producing party to obtain documents from other sources upon demand."). "[P]ossession by the attorney is possession by the client . . . [and, as such,] the attorney would possess the document as the client's agent and the client would have an obligation to retrieve it when production would be responsive to a legitimate discovery demand." 1 P. Rice, K. Barnett, I. Gershon, W. Janssen, B. Saul, B. Shea, and D. Teslicko, Attorney-Client Privilege in the U.S. § 5:13 (2017) (available on Westlaw).

Both Salas individually and his law firm, the subpoena recipients and defendants in this court, are counsel of record for the Salas defendants in the Florida lawsuit, by virtue of pro hac vice admission and resolution in favor of Salas of a vigorously litigated motion to disqualify Salas from that representation, all in the Florida court. N.D. Fla. Record Doc. Nos.

76, 78, 79.  As his opposition memorandum makes clear, E.D. La. Record Doc. No. 6, Salas has spent substantial time working on the Florida lawsuit in Florida and has a substantial interest as trustee of his children's trust in the Florida real property and the financial transactions concerning it that are the subject of the Florida lawsuit.

Thus, a Rule 34 request for production to Salas in the Florida lawsuit required Salas to respond as to responsive materials over which Salas and his law firm had possession, custody or control.  As with his deposition, if Salas imprudently restricted responses to Rule 34 requests in the Florida lawsuit to his status as trustee, a motion to compel in the Florida court was the appropriate remedy.  All of this discovery could and should have been pursued in the Florida lawsuit before the Florida court.  These subpoenas are "unreasonably cumulative or duplicative" and "ample opportunity to obtain the information" they seek was already provided in Florida.  Accordingly, plaintiff's motion to compel is DENIED.

New Orleans, Louisiana, this _____2nd_____ day of February, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE